SEYFARTH SHAW LLP
Michael Zweiback (California SBN 143549)
333 S. Hope Street, Suite 3900
Los Angeles, California 90071
Telephone: (213) 270-9600
Facsimile: (213) 270-9601
mzweiback@seyfarth.com

Attorneys for Defendant
Angela Maria Gomez Aguilar

UNITED STATES DISTRICT COURT

CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>Plaintiff,<br><br>v.<br><br>ENRIQUE FAUSTINO AGUILAR NORIEGA,<br><br>and,<br><br>ANGELA MARIA GOMEZ AGUILAR,<br><br>Defendants. | CR. No. 10-1031-AHM<br><br>**DEFENDANT ANGELA MARIA GOMEZ AGUILAR'S MOTION TO DISMISS ALL COUNTS OF THE INDICTMENT, OR IN THE ALTERNATIVE, TO OBTAIN A BILL OF PARTICULARS WITH RESPECT TO ALL COUNTS OF THE INDICTMENT; MEMORANDUM OF POINTS AND AUTHORITIES**<br><br>DATE: OCTOBER 18, 2010<br>TIME: 4:00 PM<br><br>[*Proposed*] Order Lodged Concurrently Herewith] |

COMES NOW defendant Angela Maria Gomez Aguilar and moves this Court for an order dismissing all courts of the indictment, or, in the alternative, for a bill of particulars with respect to all counts of the indictment.

///

///

///

1

MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY
FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

1  This motion is based on the attached Memorandum of Points and
2  Authorities, the record in this case, and any further argument adduced at the
3  hearing in this matter.

DATED: October 4, 2010                  SEYFARTH SHAW LLP


By  /S/ Michael Zweiback
    Michael Zweiback
    Counsel for Defendant
    Angela Maria Gomez Aguilar

-2-
MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY
FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

# TABLE OF CONTENTS

I. SUMMARY ........................................................................................................ 1

II. FACTUAL BACKGROUND ........................................................................... 1

III. ARGUMENT ..................................................................................................... 4

    A. The Government's Indictment Should Be Dismissed For Lack Of Sufficiency ............................................................................................. 4

        1. The Indictment Fails To Sufficiently Allege An FCPA Violation ................................................................................... 7

            a) The Indictment Fails To Allege Any Benefit Obtained By Lindsey Manufacturing ........................................ 8

            b) The Indictment Fails To Allege Any Lawful Or Unlawful Act Or Omission By A Foreign Official ........................... 9

        2. The Money Laundering Counts Must Be Dismissed Because The Indictment Fails To Allege Any Underlying Unlawful Activity ................................................................................... 10

    B. In The Alternative, The Government Should Be Required To File A Bill Of Particulars ............................................................................... 11

III. CONCLUSION ............................................................................................... 13

# TABLE OF AUTHORITIES

**Page(s)**

**CASES**

*Russell v. United States*,
  369 U.S. 749 (1962) .................................................................................. 8, 15

*United States v. Buddenberg*,
  No. No. CR-09-00263 RMW, 2010 U.S. Dist. LEXIS 78201 (N.D. Cal.
  July 12, 2010) .................................................................................................. 9

*United States v. Cecil*,
  608 F.2d 1294 (9th Cir. 1979) .................................................................... 9, 15

*United States v. Cruz*,
  993 F.2d 164 (8th Cir. 1993) .......................................................................... 14

*United States v. Du Bo*,
  186 F.3d 1177 (9th Cir. 1999) .......................................................................... 9

*United States v. Dunn*,
  841 F.2d 1026 (10th Cir. 1988) ...................................................................... 15

*United States v. Fuentes*,
  252 F.3d 1030 (9th Cir. Cal. 2001) .................................................................. 8

*United States v. Kay*,
  359 F.3d 738 (5th Cir. 2004) ............................................................. 10, 12, 13

*United States v. MacFarlane*,
  759 F. Supp. 1163 (W.D. Pa. 1991) ............................................................... 15

*United States v. O'Donnell*,
  608 F.3d 546 (9th Cir. 2010) ............................................................................ 9

*United States v. Ramirez*,
  54 F. Supp. 2d 25 (D.D.C. 1999) ................................................................... 15

*United States v. Rosi*,
  27 F.3d 409 (9th Cir. 1994) ........................................................................ 9, 15

**STATUTES**

15 U.S.C. § 78dd–1(a)(1) .................................................................................. 11, 12

15 U.S.C. § 78dd-2(a) ............................................................................................. 7

18 U.S.C. § 1956 ..................................................................................................... 6

18 U.S.C. § 1957 ..................................................................................................... 6

Article 222 of the Federal Penal Code of United Mexican States ............. 7, 8, 14, 15

**OTHER AUTHORITIES**

Fed. R. Crim. P. 7(c) ...................................................................................... 5, 8, 15

Fed. R. Crim. P. 7(f) ................................................................................................ 5

U.S. Const. amend V, VI ..................................................................................... 5, 8

# MEMORANDUM OF POINTS AND AUTHORITIES

## I. SUMMARY

The defendant Angela Maria Gomez Aguilar ("Ms. Gomez Aguilar"), through undersigned counsel, moves the Court for an order dismissing all counts of the government's seven-count indictment. Counts one through five, related to the Foreign Corrupt Practices Act ("FCPA") (the "FCPA counts"), are fatally defective because they fail to set forth a critical element of a Foreign Corrupt Practices Act offense: Specifically, the government fails to allege any improper advantage obtained as a result of the allegedly corrupt acts or omissions by a purported foreign official. Counts six and seven, related to alleged money laundering (the "money laundering counts"), are fatally flawed in turn because they are premised on an underlying violation of, or conspiracy to violate, the FCPA which, for the reason noted above, is deficient.

Moreover, because an indictment must set forth the essential facts constituting the offense charged (*see* U.S. Const. amend V, VI, Fed. R. Crim. P. 7(c)(1)), the government's failure to do so here deprives Mr. Gomez Aguilar of a critical constitutional protection. Thus, alternatively, Ms. Gomez Aguilar moves, pursuant to Fed. R. Crim. P. 7(f), for a bill of particulars with respect to all counts.

## II. FACTUAL BACKGROUND

On September 15, 2010, the government indicted Ms. Gomez Aguilar along with her husband, Enrique Faustino Aguilar Noriega ("Mr. Aguilar Noriega"), in a seven-count indictment that alleges conspiracy to violate the FCPA (count one); a substantive violation of the FCPA (counts two through five); conspiracy to commit money laundering (count six); and money laundering (count seven). Mr. Aguilar Noriega, is charged in all seven counts; Ms. Gomez Aguilar, is charged only in the money laundering counts (counts six and seven).

1

MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY
FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

The government alleges that Mr. Aguilar Noriega, together with co-conspirators Lindsey Manufacturing (charged as Lindsey Manufacturing), a privately held company incorporated in California and headquartered in Azusa, California, Keith Lindsey and Steven Lee (charged as President KL and Vice Present SL), the President and Vice President and Chief Financial Officer, respectively, of Lindsey Manufacturing and others, conspired to violate the FCPA. As part of this purported conspiracy, Mr. Aguilar Noriega (through Grupo Internacional De Asesores S.A. ("Grupo")) allegedly acted as Lindsey Manufacturing's sales representative in Mexico. Keith Lindsey and Steven Lee agreed to pay Mr. Aguilar Noriega a thirty-percent commission, which would be paid into a brokerage account maintained by Grupo at Global Financial Services, Inc. ("Global Financial") in Houston, Texas. The indictment broadly further alleges that Lindsey Manufacturing obtained multiple contracts with CFE while using Grupo as its sales representative although it makes no references to any particular contract or agreement.

Only counts six and seven are alleged against Ms. Gomez Aguilar. Count six sets forth and alleges that, from in or around 2002, through in or around March 2009, Ms. Gomez Aguilar and Mr. Aguilar Noriega conspired with each other and with others, to launder money in violation of Title 18, United States Code, Section 1956 and 1957. Count seven alleges that Ms. Gomez Aguilar and Mr. Aguilar Noriega, laundered money. As against Ms. Gomez Aguilar, the government only alleges that she "caused a letter to be submitted" to Global Financial authorizing the transfer of funds from Grupo's brokerage account, "caused the issuance" of checks, "caused" two wire transfers, and "caused a statement of facts" authorizing one purported foreign official to pick up a car. Put simply, the government alleges

-2-
MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY
FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

that Ms. Gomez Aguilar's purported signature can be found on some checks and other documents related to the alleged bribery conspiracy.

The alleged money laundering offenses rely entirely on the government's allegations (contained in counts one through five) that Mr. Aguilar Noriega and others conspired to cause and caused bribes to be paid to Officials 1 and 2, purportedly in violation of the FCPA and the criminal bribery laws of Mexico, Article 222 of the Federal Penal Code of the United Mexican States ("Article 222").

Count one (not alleged against Ms. Gomez Aguilar) sets forth and alleges that beginning in or around February 2002, through in or around March 2009, defendant Enrique Aguilar agreed to violate the anti-bribery provisions of the FCPA (Title 15, United States Code, Section 78dd-2(a)).  Counts two through five (also not alleged against Ms. Gomez Aguilar) allege that Mr. Aguilar Noriega substantively violated and aided and abetted in the violation of the FCPA.  Counts one through five all allege that Mr. Aguilar Noriega and others willfully made use of

> mails and means and instrumentalities of interstate commerce, corruptly in furtherance of an offer, payment, promise to pay, and authorization of the payment of any money, offer, gift, promise to give, and authorization of the giving of anything of value to any foreign official and any person while knowing that all or a portion of such money and thing of value would be and had been offered, given, and promised, directly and indirectly, to any foreign official, for the purposes of: (i) influencing acts and decisions of such foreign official in his official capacity; (ii) inducing such foreign official to do and omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his influence with a foreign government and instrumentalities thereof to affect and influence acts and decisions of such government and instrumentalities, in order to assist defendant Enrique Aguilar [and others] in obtaining and retaining business for and with, and directing business to, Lindsey Manufacturing.

The indictment, however, is utterly devoid of factual allegations supporting the government's claim that any payments were made "corruptly" or "for the

-3-
MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY
FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

purpose of: (i) influencing acts and decisions of such foreign official in his official capacity; (ii) inducing such foreign official to do or omit to do acts in violation of the lawful duty of such official; (iii) securing an improper advantage; and (iv) inducing such foreign official to use his influence with a foreign government . . . to affect and influence acts and decisions of such government and instrumentalities." Indeed, the indictment fails to provide any allegation specifying what, if any, (i) "acts and decisions" of the foreign officials were influenced, (ii) acts or omissions were done by the public officials in violation of a duty, (iii) "improper advantage" was secured, or (iv) "influence with a foreign government" were induced.

In short, the indictment is entirely devoid of any factual allegation regarding what, if any, benefit was corruptly derived by the alleged conspirators or what acts or omission were committed by either Official 1 or Official 2. Similarly, to the extent the charged offenses rely on a violation of Article 222 of the Federal Penal Code of the United Mexican States, the indictment fails to provide any factual information about any "act or omission, whether lawful or unlawful," committed by any Mexican public servant.

### III. ARGUMENT

#### A. The Government's Indictment Should Be Dismissed For Lack Of Sufficiency

The Supreme Court has held that the Fifth Amendment indictment clause and the Sixth Amendment notice clause, as reflected in Federal Rule of Criminal Procedure Rule 7(c), require that an indictment "contain[] the elements of the offense intended to be charged, and sufficiently apprise the defendant of what he must be prepared to meet." *Russell v. United States*, 369 U.S. 749, 763-64 (1962); *see also United States v. Fuentes*, 252 F.3d 1030, 1032 (9th Cir. Cal. 2001) (holding that an "indictment's failure to 'recite an essential element of the charged

offense is not a minor or technical flaw . . . but a fatal flaw requiring dismissal of the indictment.'" (citing *United States v. Du Bo*, 186 F.3d 1177, 1179 (9th Cir. 1999)). An indictment must provide the "substantial safeguards" to criminal defendants that indictments are designed to guarantee; pursuant to this purpose, an indictment must furnish the defendant with a sufficient description of the charges against him to: (i) enable him to prepare his defense, (ii) ensure that the defendant is prosecuted on the basis of facts presented to the grand jury, (iii) enable him to plead jeopardy against a later prosecution, and (iv) inform the court of the facts alleged so that it can determine the sufficiency of the charge. *See United States v. Cecil*, 608 F.2d 1294, 1296 (9th Cir. 1979).

To meet this standard, an indictment "must set forth the elements of the offense charged and contain a ***statement of the facts and circumstances*** that will inform the accused of the specific offense with which he is charged." *Id.* (emphasis added). "An indictment must be specific in its charges and ***necessary allegations cannot be left to inference***." *United States v. O'Donnell*, 608 F.3d 546, 555 (9th Cir. 2010) (emphasis added) (citations omitted). Furthermore, while the language of the statute may be used in the general description of an offense, "the fact that an indictment may have tracked the language of the statute will not render it valid if it fails to allege an ***essential element of the offense or the minimum facts required to fulfill the purposes of indictments***." *Cecil*, 608 F.2d at 1297 (emphasis added); *see also United States v. Buddenberg*, No. No. CR-09-00263 RMW, 2010 U.S. Dist. LEXIS 78201, at *6 (N.D. Cal. July 12, 2010) ("'[A]n indictment must do more than simply repeat the language of the criminal statute.'" (citing *O'Donnell*, 608 F.3d 546)). In addition, to withstand a motion to dismiss an indictment must "contains the elements of the charged offense in sufficient detail . . . to enable the defendant to prepare his defense." *United States*

-5-
MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY
FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

*v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994). Further (and specific to the FCPA), the Fifth Circuit has held that the "minimally sufficient facts" that, if proved, will meet the elements of a violations of the FCPA include:

> the citizenship of the briber, the identity of the qualified business entity, the particular instrumentalities of foreign and interstate commerce employed, the identity of the foreign country and of the officials to whom the suspect payments are made, and ***the sought-after unlawful actions taken or not taken by the foreign official in consideration of the bribes***.

*United States v. Kay*, 359 F.3d 738, 760 (5th Cir. 2004).

    The instant indictment is fatally defective because it fails entirely to allege the essential elements of an FCPA violation, requiring dismissal of counts one through seven. Specifically, the indictment fails to allege the business transactions or opportunities obtained or retained by Lindsey Manufacturing through improper advantage, as well as the sought-after unlawful actions taken or not taken by the purported foreign officials in consideration of the alleged bribes. Instead, the indictment (at best) merely recites the language of the FCPA, without providing the requisite allegations of facts and circumstances providing defendant with notice of how that language is implicated here. The indictment *relies entirely on the inference* that Lindsey Manufacturing was awarded some unspecified and entirely ambiguous contracts from CFE due to the improper advantage it allegedly secured, and the *inference* that foreign officials acted or failed to act in some improper way. That is not described in even the most general terms.

    The money laundering counts against Ms. Gomez Aguilar contained in counts six and seven are also defective and must be dismissed because those charges are wholly dependent on the alleged underlying violations of the FCPA and the criminal bribery laws of Mexico, but the indictment critically fails to allege specific factual allegations in support of any of those alleged offenses.

Therefore, because the indictment fails to provide the factual allegations necessary for Ms. Gomez Aguilar to prepare a full and fair defense, to ensure that the Ms. Gomez Aguilar is prosecuted on the basis of facts presented to the grand jury, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge, the indictment should be dismissed.

### 1. The Indictment Fails To Sufficiently Allege An FCPA Violation

As the Fifth Circuit has explained, the anti-bribery provision of the FCPA[1] does not criminalize every payment to a foreign official:

> It criminalizes only those payments that are intended to (1) influence a foreign official to act or make a decision in his official capacity, or (2) induce such an official to perform or refrain from performing some

---

[1] The anti-bribery provision of the FCPA states:

> It shall be unlawful for any issuer which has a class of securities registered pursuant to section 78l of this title or which is required to file reports under section 78o (d) of this title, or for any officer, director, employee, or agent of such issuer or any stockholder thereof acting on behalf of such issuer, to make use of the mails or any means or instrumentality of interstate commerce corruptly in furtherance of an offer, payment, promise to pay, or authorization of the payment of any money, or offer, gift, promise to give, or authorization of the giving of anything of value to—
> (1) any foreign official for purposes of—
>   (A)
>     (i) influencing any act or decision of such foreign official in his official capacity,
>     (ii) inducing such foreign official to do or omit to do any act in violation of the lawful duty of such official, or
>     (iii) securing any improper advantage; or
>   (B) inducing such foreign official to use his influence with a foreign government or instrumentality thereof to affect or influence any act or decision of such government or instrumentality,
> in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person

15 U.S.C. § 78dd–1(a)(1).

-7-
MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

act in violation of his duty, or (3) secure some wrongful advantage to the payor.

*Kay*, 359 F.3d at 743. "And even then, the FCPA criminalizes these kinds of payments only if the result they are intended to produce — their *quid pro quo* — will assist (or is intended to assist) the payor in efforts to get or keep some business for or with 'any person.'" *Id.* The instant indictment does not provide a single fact evidencing the required *quid pro quo*. It alleges neither any specific wrongful advantage, nor any acts taken or not taken by a foreign official.

### a) The Indictment Fails To Allege Any Benefit Obtained By Lindsey Manufacturing

These vague assertions in the indictment untethered to concrete acts or even a singular illustrative example -- are wholly unsupported by any factual backing, much less provide the factual support showing that such a contract was obtained due to Lindsey Manufacturing corruptly securing an improper advantage. A critical element of an FCPA claim is that the alleged bribery be "in order to assist such issuer in obtaining or retaining business for or with, or directing business to, any person." 15 U.S.C. § 78dd–1(a)(1). The indictment is entirely without any specific factual allegations showing that Lindsey Manufacturing obtained or retained business with CFE due to the purported bribery. The indictment merely asserts without support that Lindsey Manufacturing obtained multiple contracts with CFE while using Grupo as its sales representative." This is not sufficient. The government has not alleged **a single specific contract** awarded by CFE to Lindsey Manufacturing, nor has it alleged any causal connection between any payments and any contract. Instead, the government leaves the defendants (and the Court) to guess at, which, if any, contracts were allegedly improper. This reliance on unsupported inference does not suffice. At minimum, the government must

-8-
MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY
FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

allege facts showing that the alleged conspiracy and bribery were for the purpose of obtaining or retaining business. The government has failed to do so.

### b) The Indictment Fails To Allege Any Lawful Or Unlawful Act Or Omission By A Foreign Official

Beyond not alleging any facts showing that Lindsey Manufacturing obtained or retained business, the indictment also does not allege any unlawful actions taken or not taken by the foreign official in consideration for the alleged bribes, which is one of the "minimally sufficient facts that, if proved, will meet the . . . elements of a violation of the FCPA." *Kay*, 359 F.3d at 760. Most obviously lacking from the government's indictment is a single factual allegation of any unlawful act taken, or not taken, by a foreign official. Instead, the government simply asserts (without support) that Lindsey Manufacturing received contracts from CFE and from that expects the Court and Ms. Gomez Aguilar to infer the requisite acts or omissions of the purported foreign officials. Again, the government's reliance on inference, instead of facts, is insufficient.

Even assuming the government's allegations regarding payments being made to Official 1 and Official 2 are true, which Ms. Gomez Aguilar disputes, the FCPA does not "criminalize every payment to a foreign official." *See Kay*, 359 F.3d at 743. The government must allege facts showing that the allegedly corrupt payments were "intended to (1) influence a foreign official to act or make a decision in his official capacity, or (2) induce such an official to perform or refrain from performing some act in violation of his duty, or (3) secure some wrongful advantage to the payor." *Id.* The government has failed to do so here. Furthermore, even had it done so, it has entirely failed to allege the required "*quid pro quo*" ("something *for something*") – the government has failed to allege facts showing that the alleged payments caused some unlawful act by a foreign official

-9-

MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY
FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

that improperly benefited Lindsey Manufacturing. Indeed, the indictment does not allege any acts at all (for Lindsey Manufacturing's improper benefit or otherwise) by a foreign official.

Such factual allegations are essential to support the charged FCPA violation. Therefore, Ms. Gomez Aguilar, in order to put on a full and fair defense, is entitled to know those contracts allegedly obtained improperly and those acts or omissions of the foreign officials undertaken *because of* a purported quid pro quo. Furthermore, the government must inform the Court of these facts, which are essential to the FCPA charges, so that it can determine the sufficiency of the charge.

### 2. The Money Laundering Counts Must Be Dismissed Because The Indictment Fails To Allege Any Underlying Unlawful Activity

Counts six and seven alleged against Ms. Gomez Aguilar fail because the government has failed to sufficiently allege the underlying unlawful activity.[2] As explained fully above, the indictment critically fails to sufficiently allege a violation of the FCPA. Therefore, an FCPA violation cannot serve as the requisite unlawful act supporting the money laundering counts.

Furthermore, to the extent that the money laundering counts rely on an alleged violation of Article 222, those counts are defective because the government has failed to allege an essential element of that offense. Article 222 prohibits a public servant from soliciting or receiving money or gifts for himself or another, or

---

[2] For the government to prove the money laundering counts alleged against Ms. Gomez Aguilar, it must establish some other underlying unlawful conduct. *See, e.g., United States v. Cruz*, 993 F.2d 164, 167 (8th Cir. 1993) ("For the government to prove a violation of section 1956(a)(1)(A)(i), the evidence must establish (1) that the defendant conducted a financial transaction which involved the proceeds of unlawful activity; (2) that he knew that the property involved in the transaction was proceeds of some form of specified unlawful activity; and (3) that he intended to promote the . . . unlawful activity.").

-10-
MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY
FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

accepting a promise, *in exchange for an act or omission*, whether lawful or unlawful, in relation to his public duties. Article 222 also prohibits any person from giving or offering money or gifts *in order for any public servant to commit an act or omission*, whether lawful or unlawful, in relation to his public duties. As explained more fully above, the indictment does not allege a single act or omission by a public official. Therefore, it fails to adequately allege a violation of Article 222. As such, Article 222 cannot serve as the requisite unlawful conduct required to support the money laundering counts.

Because the government has failed to provide the factual allegations necessary for Ms. Gomez Aguilar to prepare a full and fair defense, to ensure that the Ms. Gomez Aguilar is prosecuted on the basis of facts presented to the grand jury, and to inform the court of the facts alleged so that it can determine the sufficiency of the charge, the indictment should be dismissed.

### B. In The Alternative, The Government Should Be Required To File A Bill Of Particulars

Federal Rule of Criminal Procedure Rule 7(c)(1) provides that an indictment shall contain a "plain, concise, and definite written statement of the essential facts constituting the offense charged." In that regard, Rule 7(c)(1) gives the Court discretion to direct the filing of bill of particulars when "'necessary to prevent the unfair surprise at trial;'"[3] however, the Court must strike a "'prudent balance' between the legitimate interests of the government and those of the defendant[]." *United States v. Ramirez*, 54 F. Supp. 2d 25, 29 (D.D.C. 1999) (citing *United

---

[3] While Ms. Gomez Aguilar has requested, in the alternative, a bill of particulars, "[i]t is well settled . . . that a bill of particulars cannot cure an otherwise invalid indictment." *United States v. Rosi*, 27 F.3d 409, 414 (9th Cir. 1994) (citing *United States v. Cecil*, 608 F.2d 1294 (9th Cir. 1979); *Russell v. United States*, 369 U.S. 749 (1962)). Otherwise, "the prosecutor would be in a position to second guess what actually happened within the grand jury and fill in the gaps with what he assumed transpired." *Cecil*, 608 F.2d at 1296.

-11-

MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

*States v. MacFarlane*, 759 F. Supp. 1163, 1169 (W.D. Pa. 1991). A bill of particulars is a method of supplementing the indictment, when necessary, to enable a defendant to prepare a defense, avoid prejudicial surprise at trial, and avoid the risk of double jeopardy. *See United States v. Dunn*, 841 F.2d 1026, 1029 (10th Cir. 1988).

As explained above, the indictment does not allege any specific acts or omissions on the part of a foreign official. Furthermore, it does not allege any specific wrongful advantage obtained by Lindsey Manufacturing. This information is required to enable Ms. Gomez Aguilar to prepare a defense and avoid surprise at trial. Therefore, in order for Ms. Gomez Aguilar to prepare a full and fair defense and to avoid any prejudicial surprise at trial, Ms. Gomez Aguilar requests that the Court direct the filing of a bill of particulars identifying the following information with respect to counts six and seven:

Any acts or omissions of the purported foreign official identified in the indictment as "Official 1," undertaken in exchange for money or gifts from defendants.

1. Any acts or omissions of the purported foreign official identified in the indictment as "Official 2," undertaken in exchange for money or gifts from defendants.

2. Any acts or decisions of the purported foreign official identified as "Official 1," in his official capacity undertaken in exchange money or gifts from defendants.

3. Any acts or decisions of the purported foreign official identified as "Official 2," in his official capacity undertaken in exchange money or gifts from defendants.

4. Any acts done or omitted to be done by the purported foreign official identified as "Official 1," in violation of the lawful duty of such official, undertaken in exchange money or gifts from defendants.

5. Any acts done or omitted to be done by the purported foreign official identified as "Official 2," in violation of the lawful duty

-12-

MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1

of such official, undertaken in exchange money or gifts from defendants.

6. Any acts done or omitted to be done, which show the purported foreign official identified as "Official 1," using his influence with a foreign government to affect and influence acts and decisions of such government and instrumentalities, undertaken in exchange money or gifts from defendants.

7. Any acts done or omitted to be done, which show the purported foreign official, identified as "Official 2," using his influence with a foreign government to affect and influence acts and decisions of such government and instrumentalities, undertaken in exchange money or gifts from defendants.

8. The factual basis for any allegation that Lindsey Manufacturing secured an improper advantage in obtaining or retaining business with CFE.

9. Any contracts between Lindsey Manufacturing and CFE that you allege were obtained or retained due to an improper advantage gained by Lindsey Manufacturing.

## III. CONCLUSION

For the reasons stated above, and for any other reason that the Court may deem just and proper, defendant Ms. Gomez Aguilar respectfully requests that the Court dismiss all counts of the indictment, or in the alternative, direct the filing of a bill of particulars with respect to all counts as requested herein.

DATED: October 4, 2010　　　　　　　　　　SEYFARTH SHAW LLP


By　/S/ Michael Zweiback
　　Michael Zweiback
　　Counsel for Defendant
　　Angela Maria Gomez Aguilar

-13-

MOTION TO DISMISS COUNTS SIX AND SEVEN OR ALTERNATIVELY FOR A BILL OF PARTICULARS

12736546v.1
12761448v.1