ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
Assistant United States Attorney
NICOLA J. MRAZEK
JEFFREY A. GOLDBERG
Senior Trial Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2216
    Facsimile: (213) 894-6436
    Email: douglas.m.miller@usdoj.gov

Attorneys for Plaintiff
UNITED STATES OF AMERICA

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 10-1031(A)-AHM |
| Plaintiff, | GOVERNMENT'S REPLY IN FURTHER SUPPORT OF ITS MOTION TO PRECLUDE EVIDENCE OR ARGUMENT ABOUT FACT THAT INTERNAL REVENUE SERVICE DID NOT MAKE CRIMINAL REFERRAL; MEMORANDUM OF POINTS AND AUTHORITIES |
| v. | |
| ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY, | |
| | Hearing: March 24, 2011, 9:30 a.m. (Courtroom 14) |
| Defendants. | |

    Plaintiff United States of America, by and through its attorneys of record, the United States Department of Justice, Criminal Division, Fraud Section, and the United States Attorney for the Central District of California (collectively, "the government"), hereby files its reply in further support of its motion to preclude evidence or argument about the fact that revenue agents of the Internal Revenue Service ("IRS") did not refer defendant LINDSEY MANUFACTURING COMPANY to the IRS's

Criminal Investigation Division.  The government's reply, which responds to defense opposition #237, is based upon the attached memorandum of points and authorities, the files and records in this matter, as well as any evidence or argument presented at any hearing on this matter.

DATED:     March 11, 2011

                                          Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney

ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division


                                          _____/s/_____
DOUGLAS M. MILLER
Assistant United States Attorney

NICOLA J. MRAZEK
JEFFREY A. GOLDBERG
Senior Trial Attorneys
Criminal Division, Fraud Section

**MEMORANDUM OF POINTS AND AUTHORITIES**

The government has moved pursuant to Rules 401, 402, and 403 of the Federal Rules of Evidence to preclude the defendants from introducing evidence or making arguments at trial about the fact that revenue agents of the Internal Revenue Service ("IRS") did not refer defendant LINDSEY MANUFACTURING COMPANY ("LMC") to the IRS's Criminal Investigation Division.  In support of its motion, the government set forth several reasons why allowing such evidence or argument would be improper:

- The lack of a referral does not bear on the elements of knowledge and intent because the mens rea at issue during the trial will be that of the defendants, not that of the revenue agents.

- The IRS audited LMC to determine whether it had complied with federal revenue laws, not to ascertain whether it had violated the Foreign Corrupt Practices Act.

- The revenue agents were not privy to the evidence uncovered during the government's criminal investigation.

- Any probative value would be substantially outweighed by the danger of confusion or misleading the jury.

In response, the defendants do not address, let alone undermine, these sound reasons for preclusion of the evidence. Instead, without citing any legal authority, they simply assert that the government's motion is "premature."  (Opp'n #237 at 4). They claim that they should be permitted to "explore" the matter depending on how the government's case "develops."  (Id. at 3). But the defendants do not explain how the challenged evidence could possibly become relevant, or how Rule 403 would not pose a barrier.

Moreover, even if the jury hears something about the audits, the defendants do not articulate how that circumstance would cause the challenged evidence to become relevant. Nor do the defendants cite any authority in support of their overbroad theory of admissibility that if the government offers evidence regarding the audits, then the defendants will be entitled to present the "entire story of what the agents did." (Id. at 3). Indeed, the defendants acknowledge that "[t]he dispute here is not about the audit itself" but rather the admissibility of the lack of a criminal referral.[1]

Finally, this Court should reject the defendants' curious claim that without a "roadmap" of the government's case-in-chief, it is "impossible" for this Court to rule on the motion before the trial. (Id. at 4). A criminal defendant is not entitled to a preview of how the government plans to present its direct case. See United States v. Vasta, 649 F. Supp. 974, 982 (S.D.N.Y. 1986) (noting that a defendant is not permitted to obtain "a preview of the government's proof"). But more to the point, no manner of presentation by the government will make the challenged evidence relevant or alleviate the danger of confusion or misleading the jury. See Fed. R. Evid. 403.

---

[1] Contrary to the defendants' assertion, the government has not "indicated it intends to refer to the audit[s]" during the trial. (Opp'n #237 at 3). The government was clear in its opening brief: "[T]he fact of the audits might be relevant to certain aspects of this case." (Gov't. Mot. at 20 n.13; second emphasis added).

2