ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
DOUGLAS M. MILLER (SBN: 240398)
Assistant United States Attorney
NICOLA J. MRAZEK
JEFFREY A. GOLDBERG
Senior Trial Attorneys
    1300 United States Courthouse
    312 North Spring Street
    Los Angeles, California 90012
    Telephone: (213) 894-2216
    Facsimile: (213) 894-6436
    Email: douglas.m.miller@usdoj.gov
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section
JENNIFER M. RESNIK
Assistant United States Attorney
Asset Forfeiture Section
California Bar No. 233634
    Federal Courthouse, 14th Floor
    312 North Spring Street
    Los Angeles, California 90012
    Telephone:  (213) 894-6595
    Facsimile:  (213) 894-7177
    E-mail: jennifer.resnik@usdoj.gov

Attorneys for Plaintiff
United States of America

UNITED STATES DISTRICT COURT

FOR THE CENTRAL DISTRICT OF CALIFORNIA

WESTERN DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA, | CR No. 10-1031(A) - AHM |
| Plaintiff, | |
| v. | **EX PARTE APPLICATION FOR POST-CONVICTION RESTRAINING ORDER; MEMORANDUM OF POINTS AND AUTHORITIES; EXHIBIT; DECLARATIONS OF SPECIAL AGENTS RODOLFO MENDOZA AND DANIEL M. PARKER** |
| ENRIQUE FAUSTINO AGUILAR NORIEGA, ANGELA MARIA GOMEZ AGUILAR, KEITH E. LINDSEY, STEVE K. LEE, and LINDSEY MANUFACTURING COMPANY, | |
| Defendants. | |

1  The United States, by and through its counsel, the United
2  States Attorney for the Central District of California, hereby
3  applies to this Court pursuant to 21 U.S.C. § 853(g) for a
4  restraining order to freeze up to $5,922,110.00 in funds in
5  various bank accounts (identified below), on the ground that
6  there is probable cause to believe that the funds belong to
7  defendants Keith E. Lindsey, Steve K. Lee and/or Lindsey
8  Manufacturing Company, and that they are subject to forfeiture as
9  substitute assets pursuant to 21 U.S.C. § 853(p).  Specifically,
10 the government seeks an order restraining up to a total of
11 $5,922,110.00 on deposit in the following accounts: (1) Bank of
12 America account number xxxxx-x2246, in the name of Lindsey
13 Manufacturing Company; (2) Bank of America account number xxxxx-
14 x5342, in the name of Keith E. Lindsey and Lela Lindsey; (3) Bank
15 of America account number xxxxx-x3786, in the name of Steve K.
16 Lee and Candy Lee; (4) Bank of America account number xxxxx-
17 x0309, in the name of Steve K. Lee and Candy Lee; (5) Bank of
18 America account number xxxxx-x1036, in the name of Steve K. Lee
19 and Candy Lee; (6) LPL Financial account in the name of The Keith
20 and Lela Lindsey Family Trust Dated April 24, 1996; and (7)
21 California United account number xxxxxx1800, in the name of
22 Lindsey Manufacturing Company.
23      The proposed restraining order provides for (1) appointment
24 of a substitute custodian, namely, the U.S. Marshal Service for
25 the Central District of California; and (2) orders the financial
26 institutions where the bank accounts are located not to sell,
27 encumber, transfer custody or control of, or take any other
28 action that would reduce the value of the subject assets.

1  The government files this application to preserve property
2  that is subject to forfeiture while the government's Motion for a
3  Money Judgment is pending with the Court, and until such time
4  that the government has an opportunity to file a formal motion to
5  amend the Preliminary Order of Forfeiture in this case pursuant
6  to Rule 32.2(e) of the Federal Rules of Criminal Procedure to
7  include various substitute assets.
8  This application is based on the accompanying memorandum of
9  points and authorities, the declarations of Special Agent Rodolfo
10 Mendoza and Special Agent Daniel M. Parker, all pleadings and
11 papers on file in this action, and on such further evidence and
12 argument that the Court may entertain at any hearing on this
13 application.

14 Dated: June 1, 2011          Respectfully submitted,

15                              ANDRÉ BIROTTE JR.
                                United States Attorney
16                              ROBERT E. DUGDALE
                                Assistant United States Attorney
17                              Chief, Criminal Division
                                STEVEN R. WELK
18                              Assistant United States Attorney
                                Chief, Asset Forfeiture Section
19
20                              _____
21                              JENNIFER M. RESNIK
                                Assistant United States Attorney
22                              Attorneys for Plaintiff
                                United States of America

**MEMORANDUM OF POINTS AND AUTHORITIES**

I. **STATEMENT OF FACTS**

On May 10, 2011, a jury found defendants Keith E. Lindsey ("Lindsey"), Steve K. Lee ("Lee") and Lindsey Manufacturing Company ("LMC") guilty of conspiracy to bribe a foreign official in violation of the Foreign Corrupt Practices Act ("FCPA") (Count One of the First Superseding Indictment ("Indictment") - 18 U.S.C. § 371) and bribery of a foreign official in violation of the FCPA (Counts Two through Six of the Indictment - 18 U.S.C. § 2, 15 U.S.C. § 78dd-2(a)).

On May 24, 2011, the Court issued a Preliminary Order of Forfeiture against defendants Lindsey, Lee and LMC. The Order requires these defendants to forfeit to the United States "[a]ll right, title, and interest in any and all property, real or personal, which constitutes or is derived from proceeds traceable to" the violations for which they were convicted (Counts One through Six of the Indictment). The Order also requires the defendants to forfeit any substitute property if the forfeitable property "has been commingled with other property which cannot be divided without difficulty." Finally, the Order provides that once the Court has determined the amount of a money judgment, the Order will be amended so that the money judgment may become part of the order.

II. **Defendants' Assets Should Be Restrained While the Motion for Money Judgment Is Pending**

Section 853(g) of title 21, United States Code, provides that after an order of forfeiture is entered in a criminal case, the court may take any steps necessary to preserve property

4

subject to forfeiture. "[T]he court may upon application of the United States, enter such appropriate restraining orders or injunctions, require the execution of satisfactory performance bonds, appoint receivers, conservators, appraisers, accountants, or trustees, or take any other action to protect the interest of the United States in the property ordered forfeited." 21 U.S.C. § 853(g).

The Preliminary Order of Forfeiture requires the forfeiture of <u>all</u> proceeds derived from the bribery conspiracy for which defendants Lindsey, Lee and LMC were convicted. Due to the lack of discovery authority to date, the government has not been able to trace any of defendants' current assets to criminal proceeds of the conspiracy. However, the government has identified substantial assets belonging to the defendants. By this application, the government seeks to restrain a sum equal to the most easily provable amount of proceeds derived from the conspiracy; <u>i.e.</u>, the amount of the bribes paid.

The government has moved (simultaneously to this application) for a money judgment in the amount of $5,922,110.00 plus $19,214,584.00 less the direct costs incurred by LMC for the goods and services supplied to Comisión Federal de Electricidad ("CFE") from September 2003, through July 2008. The government submits that this amount represents the total amount of proceeds generated by the conspiracy for the reasons set forth in its motion. Once the Court has ruled on the government's money judgment motion, the government intends to seek to forfeit substitute assets to satisfy the money judgment. <u>United States v. Bermudez</u>, 413 F.3d 304 (2d Cir. 2005) (affirming forfeiture of

5

substitute assets to satisfy $14.2 million money judgment); United States v. Candelaria-Silva, 166 F.3d 19, 42 (1st Cir. 1999) (if government cannot directly trace any forfeitable proceeds to the defendant's current assets, money judgment can be satisfied by seeking forfeiture of substitute assets); United States v. Hall, 434 F.3d 42, 58 (1st Cir. 2006) (citing Candelaria-Silva, substitute property may be seized by the government to satisfy a forfeiture order where, by an act or omission, the defendant has prevented the government from tracing his illegally obtained assets).

    The government recognizes that the total amount of proceeds for which the defendants are liable will be determined by the Court only after all parties have had an opportunity to submit additional evidence and arguments.  However, it will take at least four weeks to get such a determination,[1] which is why the government seeks to preserve identifiable substitute assets (the funds in the bank accounts listed below) forthwith through a restraining order.  If the government waits to secure these funds until the full amount of the money judgment has been determined, it will be possible for defendants Lindsey, Lee, and LMC or any person acting on their behalf to remove the funds while the motion for money judgment and the government's subsequent Rule 32.2(e) motion is pending.[2]  This would not only render the

---

[1] Pursuant to Local Criminal Rule 57-1 and Local Civil Rule 6-1, the government must notice the motion not later than 28 days before the hearing date.

[2] The government cannot seize substitute assets pursuant to Rule 32.2(b)(3) until they are included as specific property in the Preliminary Order of Forfeiture.  The government will move

government's Rule 32.2(e) motion moot, it would seriously prejudice the government in its efforts to effect the forfeiture to which it is entitled as a result of the convictions.

Section 853(g) was enacted precisely to address this situation. See United States v. Kilbride, 2007 WL 2990116, *2 (D. Ariz. 2007) (court freezes defendant's commingled bank account so that government may file a motion under section 853(p) to forfeit the untainted funds as substitute assets); United States v. Salvagno, 2006 WL 2546477, *16 (N.D.N.Y. 2006) (if the government wants to prevent a defendant from transferring property, post-conviction, to third parties, so that it can forfeit the property as substitute assets, it may obtain a post-conviction restraining order); United States v. Wahlen, 459 F. Supp. 2d 800, 803 (E.D. Wis. 2006) (noting that the court issued a post-conviction order restraining property forfeitable as substitute assets). Furthermore, the Ninth Circuit has recognized the breadth of restraint available in criminal forfeiture proceedings. United States v. Lazarenko, 469 F.3d 815 (9th Cir. 2006). Section 853(g), much like section 853(e), serves to protect "the very property that § 853(a) requires to be forfeited upon conviction." United States v. Monsanto, 491 U.S. 600, 612-13 (1989) (holding that upon the requisite showing by

---

pursuant to Rule 32.2(e) of the Federal Rules of Criminal Procedure to amend the Preliminary Order of Forfeiture to include these assets once the money judgment has been determined (and also included in the Preliminary Order of Forfeiture), but cannot do so until that time, since the amount of forfeitable substitute assets will be determined by the money judgment. See Candelaria-Silva, 166 F.3d at 42 (affirming forfeiture of substitute assets up to amount described in money judgment).

7

the government, a restraining order is mandatory and the term "may" found in § 853(e) does not give a district court discretion to permit dissipation of forfeitable funds). Whereas 21 U.S.C. § 853(e) only applies to the pre-trial restraint of property, and § 853(g) applies post-conviction (at a point when property is now subject to criminal forfeiture), § 853(g) should also be construed to mandate restraining orders upon proper application by the government.

While the government seeks a much higher amount in the form of a money judgment, at this time the government moves the Court to only restrain up to $5,922,110.00 of defendants' funds. The government believes that this an appropriate amount of funds to restrain, because it is far less than the money judgment the government is requesting, and it is a definite amount that needs no further investigation. The government proved at trial that LMC paid $5,922,110.00 to Grupo Internacional De Asesores S.A. ("Grupo"), and that the directors of Grupo (Enrique and Angela Aguilar) then used at least a portion of that money to bribe officials at CFE in order to obtain business for LMC. Therefore, not only does this amount directly reflect a portion of the proceeds generated by the bribery scheme, it is also a valuable indicator of how much Lindsey, Lee and LMC benefitted from the bribery scheme. Logic dictates that Lindsey, Lee and LMC would not have paid Grupo $5,922,110.00 if LMC did not profit in excess of this amount.

//
//
//

### III. **The Government Is Entitled to Substitute Assets Pursuant to 21 U.S.C. § 853(p)**

The government will make a formal showing that it is entitled to substitute assets pursuant to Title 21, United States Code, Section 853(p), at the time that the government will move pursuant to Federal Rule of Criminal Procedure 32.2(e) to include substitute assets in the Preliminary Order of Forfeiture. The government will have to prove by a preponderance of the evidence that it is in fact entitled to substitute assets. United States v. Tanner, 61 F.3d 231, 234 (4th Cir. 1995) (the preponderance standard applies to forfeitures pursuant to 21 U.S.C. § 853(p)). In order to obtain substitute assets under 21 U.S.C. § 853(p), the government must show that:

> as a result of any act or omission of the defendant, [the forfeitable property] (A) cannot be located upon the exercise of due diligence; (B) has been transferred to ... a third party; (C) has been placed beyond the jurisdiction of the court; (D) has been substantially diminished in value; *or* (E) has been commingled with other property which cannot be divided without difficulty.

21 U.S.C. § 853(p) (emphasis added). "Courts interpret this provision liberally so as to thwart efforts by a defendant to circumvent the economic impact of an anticipated criminal forfeiture sentence.'" United States v. Alamoudi, 452 F.3d 310, 316 (4th Cir. 2006) (citing United States v. McHan, 345 F.3d 262, 272 (4th Cir. 2003)). For the purpose of securing a restraining order against these assets, the government makes the following preliminary showing.[3]

---

[3] Until the Court makes findings concerning what proceeds were derived from the bribery conspiracy (and thus what the amount of the money judgment should be), the government will not

### a. The Wire Transfers from CFE to LMC Have Been Commingled With Other Funds

As set forth in the declaration of Special Agent ("SA") Rodolfo Mendoza, which is attached as Exhibit A to this application, LMC used Bank of America ("BofA") account number xxxxx-x2246 (the "BofA international account")[4], in the name of Lindsey Manufacturing Company, to receive monetary transfers from foreign customers. Mendoza Decl. ¶ 3. One of these foreign customers was CFE. Id. SA Mendoza reviewed numerous financial records and determined that $19,214,584.00 was transferred from CFE into the BofA international account between September 2003 and July 2008. Id. Based on SA Mendoza's review of documents obtained by subpoena from BofA, the BofA international account also received in excess of $36,000,000.00 from various other sources between September 2003 and July 2008. Mendoza Decl. ¶ 4. The commingling of clean and criminal proceeds has made it such that the government cannot specifically identify the criminal proceeds upon the exercise of due dilligence. Mendoza Decl. ¶ 6. Accordingly, the government is entitled to substitute assets pursuant to 21 U.S.C. § 853(p)(1)(A) and (E). See United States v. Poulin, 609 F. Supp.2d 415, 431 (E.D.V.A. 2010) (declaration showing that criminal proceeds have been commingled with legitimate funds is sufficient to meet § 853(p)(1)(A) and (E) prerequisites).

---

be able to make a final showing under 21 U.S.C. § 853(p)(1).

[4] In compliance with Local Rule 79-5.4, only the last 4 digits of all financial account numbers are indicated. A reference list has been filed under seal containing the complete financial account numbers referenced in this application.

10

b. <u>The Bribery Money Has Been Transferred to Third Parties</u>

As was adduced at trial at length, LMC wired $5,922,110.00 into the Grupo account at Global Financial Services between 2002 and 2008. At least some of that money was used to buy gifts for Nestor Moreno, pay Nestor Moreno's credit card bill and was given to relatives of Arturo Hernandez. <u>See</u> Government's Exhibit 30. The government does not believe that any of this money is still within the possession of Lindsey, Lee or LMC. Accordingly, the government is entitled to substitute assets pursuant to 21 U.S.C. § 853(p)(1)(B).

c. <u>The Bank of America Account Containing Wire Transfers from CFE Has Substantially Diminished in Value</u>

As set forth in SA Mendoza's declaration, the value of the BofA international account as of May 27, 2011, was approximately $117,365.00. Clearly, most of the funds originating from CFE have been dissipated or otherwise disposed of. Accordingly, the government is entitled to substitute assets pursuant to 21 U.S.C. § 853(p)(1)(B). <u>See</u> <u>Candelaria-Silva</u>, 166 F.3d at 42 (§ 853(p) satisfied by affidavit showing proceeds had been dissipated or otherwise disposed of, and could not be located upon the exercise of due diligence).

**IV. Substitute Assets To Be Restrained**

For the reasons set forth in the declaration of SA Daniel M. Parker which is attached as Exhibit B to this application, the government has probable cause to believe that the following bank accounts belong to defendants Lindsey, Lee and LMC and presently contain approximately the following current balances:

11

| Bank | Account Number | Name on the Account | Current Balance |
|---|---|---|---|
| Bank of America | xxxxx-x2246 | Lindsey Manufacturing Company | $117,365.00 |
| Bank of America | xxxxx-x5342 | Keith E. Lindsey/ Lela Lindsey | $82,455.00 |
| Bank of America | xxxxx-x3786 | Steve K. Lee/ Candy Lee | $3,132.00 |
| Bank of America | xxxxx-x0309 | Steve K. Lee/ Candy Lee | $2,174.00 |
| Bank of America | xxxxx-x1036 | Steve K. Lee | $648.00 |
| LPL Financial | unknown | The Keith and Lela Lindsey Family Trust Dated April 24, 1996 | approximately $26,000.00 (but see Parker Decl. ¶ 6) |
| California United Bank | xxxxxx1800 | Lindsey Manufacturing Company | unknown |

Although some of these accounts may be located outside the Central District of California, 21 U.S.C. § 853(l) authorizes the court to issue a restraining order under Section 853(g) regardless of the location of the property to be restrained. See United States v. Floyd, 2007 WL 316910, *1 (E.D. Ky. 2007) (section 853(l) gives the district court authority to order the forfeiture of property regardless of where it is located). Accordingly, the government requests that this Court issue an order restraining all persons with access to the funds in the aforementioned accounts, including defendants Keith E. Lindsey, Steve K. Lee and Lindsey Manufacturing Company, their family members, employees of Lindsey Manufacturing Company, and the financial institutions wherein the accounts are located, from taking any action to remove, encumber or otherwise interfere with any funds in these accounts. The government further requests that this restraining order remain in place until such time as

the government has an opportunity to move pursuant to Fed. R. Crim. P. 32.2(e) to include substitute assets in the Preliminary Order of Forfeiture, and until such time as the Court rules on that motion.  The government requests leave to request that the restraining order be amended to include additional substitute assets up to a total of $5,922,110.00, if the value of the substitute assets the government has identified is less than $5,922,110.00.

### V. The Court May Also Restrain Non-Defendant Persons and Entities That Have Access to the Restrained Assets

Forfeiture restraining orders may restrain the conduct of unindicted third parties who have access to the assets subject to forfeiture.  See <u>United States v. Jenkins</u>, 974 F.2d 32, 36 (5th Cir. 1992) ("[W]e are not persuaded by [defendant's] argument that the restraining order, by binding unindicted corporations, is impermissibly overbroad.  Nothing in the language of RICO's restraining order provision restricts the scope of such orders so that only parties may be bound. . ..  Indeed, equity traditionally has permitted third parties to be bound in circumstances such as those alleged here."); <u>United States v. Regan</u>, 858 F.2d 115, 110-120 (2d Cir. 1988) (affirming restraint of uncharged business partnership that had access to and control over forfeitable assets of defendant partners; reasoning that "[s]ection 1963(d)(1)(A) . . . in no way limits restraining orders to indicted persons where restraints on the defendants are insufficient to preserve potentially forfeitable property . . . 1963(d)(1)(A) orders thus resemble remedies such as garnishment or attachment that may be directed routinely at third parties, .

13

1  . . even though those parties have no interest in the merits of
2  the underlying litigation" (citations omitted)); <u>United States v.</u>
3  <u>Long</u>, 654 F.2d 911, 916 (3d Cir.1981). The restraint provisions
4  of 18 U.S.C. § 1963 and 21 U.S.C. § 853 are virtually identical
5  and should be read consistently.
6  Any third party claims to the subject property may be
7  properly brought and resolved in ancillary proceedings conducted
8  by this Court following the execution of a Preliminary Order of
9  Forfeiture and service of notice to all interested parties in
10 accordance with the provisions of federal forfeiture law.
11 <u>Lazerenko</u>, 469 F.3d at 823-24.

## VI. Conclusion

The Government respectfully requests that this Court promptly issue an order restraining the funds in the defendants' bank and investment accounts up to $5,922,110.00, to preserve property that is subject to forfeiture pursuant to 21 U.S.C. § 853(a).

DATED: June 1, 2011

Respectfully submitted,

ANDRÉ BIROTTE JR.
United States Attorney
ROBERT E. DUGDALE
Assistant United States Attorney
Chief, Criminal Division
STEVEN R. WELK
Assistant United States Attorney
Chief, Asset Forfeiture Section

JENNIFER M. RESNIK
Assistant United States Attorney
Attorneys for Plaintiff
United States of America

14