1   ANDRÉ BIROTTE JR.
    United States Attorney
2   ROBERT E. DUGDALE
    Assistant United States Attorney
3   Chief, Criminal Division
    DOUGLAS M. MILLER (SBN: 240398)
4   Assistant United States Attorney
    NICOLA J. MRAZEK
5   JEFFREY A. GOLDBERG
    Senior Trial Attorneys
6        1300 United States Courthouse
         312 North Spring Street
7        Los Angeles, California 90012
         Telephone:  (213) 894-2216
8        Facsimile:  (213) 894-6436
         Email: douglas.m.miller@usdoj.gov
9
    Attorneys for Plaintiff
10  UNITED STATES OF AMERICA

11                 UNITED STATES DISTRICT COURT

12            FOR THE CENTRAL DISTRICT OF CALIFORNIA

13  UNITED STATES OF AMERICA,    ) CR No. 10-1031(A)-AHM
                                 )
14            Plaintiff,         ) POST-TRIAL AGREEMENT AND
                                 ) STIPULATION WITH RESPECT TO POST-
15            v.                 ) TRIAL MOTIONS, SENTENCING, WAIVER
                                 ) OF APPEAL, COLLATERAL ATTACK, AND
16  ANGELA MARIA GOMEZ AGUILAR,  ) FORFEITURE
                                 )
17            Defendant.         )
                                 )
18                               )
                                 )
19                               )

20               PARTIES TO THE AGREEMENT

21       1.   This is an agreement entered into by ANGELA MARIA GOMEZ

22  AGUILAR ("defendant"), the United States Department of Justice,

23  Criminal Division, Fraud Section, and the United States Attorney

24  for the Central District of California (collectively, "the USAO")

25  for purposes of resolving all remaining issues relating to the

26  disposition of the above-captioned case against defendant,

27  including, without limitation, the following: (1) the pending

28  Motion for Judge of Acquittal filed by defendant pursuant to

1  Federal Rule of Criminal Procedure 29 (CR #524); (2) the

2  imposition of sentence on the charge of conspiracy to launder

3  monetary instruments of which defendant has been convicted; (3)

4  defendant's waiver of her rights to appeal and collaterally

5  attack her conviction and sentence; and (4) defendant's waiver of

6  her right to challenge the forfeiture action commenced against

7  her assets both civilly and criminally.   This Agreement is

8  limited to the USAO and cannot bind any other federal, state, or

9  local prosecuting, administrative, or regulatory authorities.

10                          THE CONVICTION

11      2.   Defendant agrees that on May 10, 2011, following a 21-

12  day jury trial, she was found guilty of the offense charged in

13  Count Seven of the First Superseding Indictment, which is on file

14  in the above-captioned case, namely conspiring to launder

15  monetary instruments, in violation of Title 18, United States

16  Code, Section 1956(h).

17      3.   Defendant further agrees that in order for her to have

18  been found guilty of a violation of Title 18, United States Code,

19  Section 1956(h), the jury found the following facts beyond a

20  reasonable doubt: (1) beginning in or around 2002, and ending in

21  or around March 2009, there was an agreement between two or more

22  persons to commit at least one crime alleged in the money

23  laundering conspiracy, namely violation of Title 18, United

24  States Code, Sections 1956(a)(1)(B)(I) (Concealing Proceeds of

25  Specified Unlawful Activity), 1956(a)(2)(A) (International Money

26  Laundering to Promote a Specified Unlawful Activity), or 1957

27

28                                 2

1  (Transactions of More than $10,000 using Criminally Derived

2  Proceeds); and (2) defendant became a member of the conspiracy

3  knowing of its object and intending to help accomplish it.

4                          THE PENALTIES

5       4.   Defendant understands that the statutory maximum

6  sentence that the Court can impose for her conviction under Title

7  18, United States Code, Section 1956(h) is: 20 years

8  imprisonment; a three-year period of supervised release; a fine

9  of $500,000 or twice the value of the property involved in the

10 transaction, transportation, transmission, or transfer, whichever

11 is greatest; and a mandatory special assessment of $100.

12      5.   Defendant understands that the Court may also order

13 forfeiture of the property listed in the "NOTICE OF FORFEITURE

14 II" of the first superseding indictment pursuant to 18 U.S.C. §

15 982 or substitute assets up to the value of that property.

16      6.   Defendant understands that supervised release is a

17 period of time following imprisonment during which defendant will

18 be subject to various restrictions and requirements.  Defendant

19 understands that, if she violates one or more of the conditions

20 of any supervised release imposed, she may be returned to prison

21 for all or part of the term of supervised release, which could

22 result in defendant serving a total term of imprisonment greater

23 than the statutory maximum stated above.

24      7.   Defendant understands that the sentence in this case

25 may subject defendant to deportation or otherwise affect her

26 immigration status.  However, the Court cannot, and defendant's

27

28                              3

1  attorney also may not be able to, advise defendant fully

2  regarding all of the immigration consequences of this agreement.

3  Defendant understands that any unexpected immigration

4  consequences as a result of this agreement will not serve as

5  grounds to withdraw from this agreement.

6          STIPULATED SENTENCING FACTORS AND SENTENCE

7      8.   Defendant understands that in determining defendant's

8  sentence the Court is required to consider the factors set forth

9  in 18 U.S.C. § 3553(a)(1)-(7), including the kinds of sentence

10  and sentencing range established under the Sentencing Guidelines.

11  Defendant understands that the Sentencing Guidelines are advisory

12  only.

13      9.   Defendant and the USAO agree to the following

14  applicable sentencing guideline factors:

15      Base Offense Level  :      8        [U.S.S.G. § 2S1.1(a)(2)]

16      Loss of More than
    $2,500,000          :      18       [U.S.S.G. 2B1.1(b)(1)(J)]
17

18      Minor Role          :      -3       [U.S.S.G. 3B1.2]

19  _____

    Total Offense Level :     23
20

21      10.  The defendant and the USAO further agree that defendant

22  has no known criminal history in the United States and thus

23  defendant's criminal history category is I.

24      11.  Defendant and the USAO further agree that, taking into

25  account the factors listed in 18 U.S.C. § 3553(a)(1)-(7) and the

26  relevant sentencing guideline factors set forth above, an

27

28                               4

1  appropriate disposition of this case is for the Court to impose a

2  sentence of:

3         (a) $100 special assessment;

4         (b) a sentence of time served (a sentence below the low

5         end of the applicable Sentencing Guidelines range based

6         on the total offense level listed in paragraph 9 and

7         the criminal history category agreed to by the parties

8         in paragraph 10);

9         (c) criminal forfeiture in the amount of $5,922,110.00;

10         and

11         (d) a three-year period of supervised release to follow

12         release from imprisonment, which includes the following

13         terms and conditions:

14             (1)  Defendant shall comply with the rules and
           regulations of the U.S. Probation Office and

15             General Order 318, including, but not limited to,
           the condition  that defendant shall not commit

16             another federal, state or local crime;

17             (2)  Defendant shall comply with the immigration
           rules and regulations of the United States, and

18             shall voluntarily depart from this country within
           48 hours of her release from custody, and shall

19             not re-enter the United States illegally.  The
           defendant is not required to report to the

20             Probation Office while residing outside of the
           United States; however, after 48 hours of release

21             from any custody or upon any reentry to the United
           States during the period of Court-ordered

22             supervision, the defendant shall report for
           instructions to the U.S. Probation Office; and

23

24             (3)  Defendant shall not obtain or possess any
           driver's  license, Social security number, birth

25             certificate, passport or any other form of
           identification in any name, other than the

26             defendant's true legal name, without the prior
           written approval of the Probation Officer; nor

27             shall the defendant use, for any purpose or in any

28                                5

manner, any name other than his/her true legal name.

12. The parties further agree that based on defendant's waiver of her right to contest forfeiture, as set out further in paragraph 17, defendant does not have the ability to pay a fine.

13. The parties further agree to recommend that the Court impose the sentence set forth above, and will not seek, argue, or suggest in any way, either orally or in writing, that any other specific offense characteristics, adjustments, departures, or variances in sentence pursuant to the Sentencing Guidelines and/or the factors set forth in 18 U.S.C. § 3553(a) be imposed, or that the Court impose a sentence other than what has been stipulated to by the parties herein.

WAIVER OF PRESENTENCE REPORT

14. The parties request that defendant be sentenced as soon as possible after the parties have entered into this agreement. In order to accomplish immediate sentencing, the parties stipulate and agree that there is sufficient information in the record to enable the Court to exercise its sentencing authority meaningfully without a presentence investigation or report. To the extent defendant has a right to a presentence investigation and preparation of a presentence report, defendant hereby knowingly, voluntarily, and intelligently waives that right. The parties request that the Court find, pursuant to Federal Rule of Criminal Procedure 32(c)(1), that the information in the record, is sufficient to enable the Court to exercise its sentencing authority meaningfully without a more complete presentence

6

1  investigation and report.   The parties understand and agree that,

2  in the event that the Court declines to make this finding and

3  instead orders that a more complete presentence investigation be

4  conducted and/or a more complete presentence report prepared, it

5  shall provide a basis for either party to withdraw from this

6  agreement.

7              WAIVER OF APPEAL AND POST-TRIAL RIGHTS

8       15.   Defendant understands that, by entering into this

9  Agreement, she is giving up the following rights, which she

10  hereby waives without any reservation, limitation, or

11  qualification:

12            (a)   The right, to the extent not already waived,

13  to file motions for a new trial in this case and to vacate or

14  challenge the verdict of guilty that has been entered against

15  her, including waiving her right to have the Court rule on the

16  Motion for Judge of Acquittal filed by defendant on May 24, 2011,

17  pursuant to Federal Rule of Criminal Procedure 29 (CR #524).

18            (b)   The right to appeal her conviction and

19  sentence, which appeal would allow her to raise objections to,

20  for example, the fairness of the trial and whether the verdict

21  against her is supported by sufficient evidence.

22            (c)   The right to the assistance of counsel on

23  direct appeal of her conviction and sentence, including, if

24  defendant could not afford an attorney, the right to have the

25  Court appoint one for defendant.

26            (d)   Apart from any appeal, the right to file a

27

28                               7

1    separate civil case collaterally attacking her conviction and

2    sentence.

3        16.   The defendant agrees that with respect to the charge

4    referred to in paragraphs 2 and 3 she is not a "prevailing party"

5    within the meaning of the "Hyde Amendment," 18 U.S.C. § 3006A

6    note, and will not file any claim under that law.

7                        WAIVER OF FORFEITURE

8        17.   By entering into this Agreement defendant agrees to the

9    Court's entry of an order of forfeiture at or before sentencing

10   with respect her interest in all funds in the Bluffview

11   Securities, LP account ending in account number xx558, in the

12   name of Grupo Internacional De Asesores S.A. (the "Bluffview

13   Account") and further agrees:

14            a) That the contents of the Bluffview Account represent

15   or are traceable to proceeds of the offense of which defendant

16   was convicted, or were involved in such offense and are therefore

17   subject to forfeiture to the government;

18            b) To take whatever steps are necessary to pass to the

19   United States clear title to the Bluffview Account including

20   without limitation, the execution of one or more consent

21   judgments of forfeiture in a form and manner acceptable to the

22   USAO and the completing of any other legal documents required for

23   the transfer of title to the United States;

24            c) Not to contest any civil or criminal judicial

25   forfeiture proceedings that may be commenced or pursued against

26   the Bluffview Account pursuant to 18 U.S.C. §§ 981 or 982.  With

27

28                                  8

respect to any criminal forfeiture ordered as a result of this agreement, defendant waives the requirements of Federal Rules of Criminal Procedure 32.2 and 43(a) regarding notice of the forfeiture in the charging instrument, announcement of the forfeiture at sentencing, and incorporation of the forfeiture in the judgment;

d) Not to assist any other individual in any effort to contest the forfeiture of the assets described above;

e) Not to claim that reasonable cause to seize the Bluffview Account was lacking;

f) To prevent the transfer, sale, destruction, or loss of any interest in the Bluffview Account to the extent defendant has the ability to do so;

g) That forfeiture of defendant's interest in the Bluffview Account described above shall not be counted toward satisfaction of any special assessment, fine, restitution, costs, or other penalty the Court may impose;

h) To waive all constitutional and statutory challenges to forfeiture of the Bluffview Account on any grounds, including any statute of limitations and the Excessive Fines Clause;

i) To the entry of a personal criminal forfeiture money judgment against defendant in the amount of $5,922,110.00.[1]

//

//

---

[1] Defendant will receive a credit against the amount of the money judgment equal to the total amount forfeited from the Bluffview Account.

9

## BREACH OF AGREEMENT

18.   If, at any time between the execution of this Agreement and her sentencing, defendant knowingly violates or fails to perform any of the agreements under this Agreement ("a breach"), the USAO may declare defendant to be in breach of this Agreement. If the USAO declares this Agreement breached, and the Court finds such a breach to have occurred, the USAO will be relieved of all of its obligations under this Agreement, but defendant will continue to be bound by the agreement.

## COURT NOT A PARTY TO AGREEMENT

19.   The Court is not a party to this Agreement and need not accept any of the parties' recommendations and/or stipulations set forth in this agreement, including, without limitation, the agreements regarding the sentencing factors and/or the waiver of a presentence report.

20.   Except as specified in paragraph 14 above, defendant understands that if the Court ignores any of the parties' recommendations, finds facts or reaches conclusions different from those agreed to, and/or imposes any sentence up to the maximum established by statute, defendant cannot, for that reason, withdraw from this agreement, and defendant will remain bound to all aspects of this agreement. Defendant understands that no one -- not the prosecutor, defendant's attorney, or the Court -- can make a binding prediction or promise regarding the sentence defendant will receive, except that it will be within the statutory maximum.

1    <u>NO OTHER AGREEMENTS</u>

2        21.   This Agreement sets forth the entire agreement between

3    defendant and the USAO.  Except as set forth herein, there are no

4    promises, understandings, or agreements, written or oral, express

5    or implied, between the USAO and defendant or defendant's

6    counsel.  Nor may any additional agreement, understanding, or

7    condition, including any modification of this Agreement, be

8    entered into unless in a writing signed by all parties or on the

9    record in open court.

10   <u>EFFECTIVE DATE</u>

11       22.   This Agreement is effective upon signature by

12   defendant, his counsel, and an Assistant United States Attorney.

13   AGREED AND ACCEPTED

14   UNITED STATES ATTORNEY'S OFFICE
     FOR THE CENTRAL DISTRICT OF CALIFORNIA
15
     ANDRÉ BIROTTE JR.
16   United States Attorney

17

18   _____          6 - 2 - 11
     DOUGLAS M. MILLER                          Date
19   Assistant United States Attorney

20

21   _____          6 - 2 - 11
     ANGELA MARIA GOMEZ AGUILAR                 Date
22   Defendant

23

24   _____          6 - 2 - 11
     STEPHEN G. LARSON                          Date
25   Attorney for Defendant
     Angela Maria Gomez Aguilar
26

27

28                              11

<u>CERTIFICATION OF DEFENDANT</u>

This entire agreement has been read to me in Spanish, the language I understand best.  I have had enough time to review and consider this agreement, and I have carefully and thoroughly discussed every part of it with my attorney.  I understand the terms of this agreement, and I voluntarily agree to those terms. I have discussed the sentencing factors set forth in 18 U.S.C. § 3553(a), of relevant Sentencing Guidelines provisions, and of the consequences of entering into this agreement.  No promises, inducements, or representations of any kind have been made to me other than those contained in this agreement.  No one has threatened or forced me in any way to enter into this agreement. I am satisfied with the representation of my attorney in this matter, and I am entering into this agreement because I wish to take advantage of the provisions set forth in this agreement, and not for any other reason.


_Angela M Gómez_                    _6-02-2011_
ANGELA MARIA GOMEZ AGUILAR           Date
Defendant

//

//

12